IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL THOMAS, #182955,           ) | |
|                                 ) | |
|         Plaintiff,              ) | |
|                                 ) | |
| v.                              ) | CIVIL ACTION NO.  2:05CV195-MEF |
|                                 ) | [WO] |
| CHARLES ANTHONY KAMBURIS,       ) | |
| JR., et al.,                    ) | |
|                                 ) | |
|         Defendants.             ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On 6 February 2006, the plaintiff, Paul Thomas ["Thomas"], filed a Motion for Conditional Class Certification (Doc. # 84-1) under Rule 23, **Fed. R. C. Pro.**  Upon review of the motion for class certification, the court concludes that the motion should be denied.

Thomas is a state inmate who seeks to represent the interests of all inmates confined within correctional facilities operated by the Alabama Department of Corrections.  Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), **Fed. R. C. Pro**.

The court concludes that Thomas, as a *pro se* prisoner plaintiff, is not an adequate class representative able to represent the class fairly.  See **Oxendine v. Williams**, 509 F.2d 1405 (4th Cir. 1975); **Hummer v. Dalton**, 657 F.2d 621 (4th Cir. 1981); **Ethnic Awareness Organization v. Gagnon**, 568 F.Supp. 1186 (E.D. Wis. 1983); **Inmates, Washington County Jail v. England**, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir.

1981). Class certification in this case is therefore improper. Thus, Thomas' motion for class certification is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion for class certification be DENIED.

2. This case be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before 23 February 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE this 9th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE